R. Kimball Mosier (2334)
George Hofmann (10005)
**Parsons Kinghorn Harris**
A Professional Corporation
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for R. Kimball Mosier,
Chapter 7 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>EMPIRE INVESTMENT GROUP, LLC,<br><br>      Debtor. | Bankruptcy No. 03-22824 JAB<br>[Chapter 7]<br><br>[Filed Electronically] |
| R. KIMBALL MOSIER, Trustee of the Bankruptcy Estate of Empire Investment Group, LLC,<br><br>      Plaintiff,<br><br>  –vs–<br><br>DONALD HAMEL,<br><br>      Defendant. | Adversary Proceeding No. |

### COMPLAINT

R. Kimball Mosier (the "Plaintiff"), the duly appointed trustee of the above-

captioned bankruptcy case and Plaintiff herein, brings this action against Donald Hamel

**Filed: 05/18/05**

(the "Defendant") and for causes of action alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334.

2.     This matter is a core proceeding pursuant to 28 U.S.C. §157.

3.     Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

## PARTIES

4.     The above-captioned case was commenced by the filing of an involuntary petition under Chapter 11 of the Bankruptcy Code against Empire Investment Group, LLC (the "Debtor") on February 19, 2003 (the "Petition Date").  The Debtor initially contested the involuntary petition, but subsequently the Debtor stipulated to the entry of an order for relief under Chapter 7 of the Bankruptcy Code which was entered on June 4, 2003.

5.     The Plaintiff is the duly appointed Chapter 7 Trustee of the above-captioned bankruptcy case.  The Plaintiff was appointed as Chapter 7 Trustee on June 18, 2003.

6.     Upon information and belief, the Defendant is an individual residing in Utah.

7.     The Defendant is an insider of the Debtor as defined in Bankruptcy Code §101.

## BACKGROUND

8.     Within the ninety days prior to the Petition Date, the Debtor transferred

2

$4,750 to the Defendant (the "Preference Transfers").  See Exhibit A.

9.      Within the one year prior to the Petition Date, the Debtor transferred

$37,497 to the Defendant (the "One Year Transfers").  See Exhibit B.

10.     Within four years prior to the Petition Date, the Debtor transferred

$42,430.01 to the Defendant (the "Fraudulent Transfers").  See Exhibit C.

### FIRST CAUSE OF ACTION
(11 U.S.C. §547 - Preference)

11.     The Plaintiff repeats, realleges, and incorporates by reference all

preceding paragraphs in the Complaint.

12.     Within the ninety days prior to the Petition Date, the Debtor made the

Preference Transfers to the Defendant.

13.     The Preference Transfers constituted a transfer of an interest of the

Debtor in property.

14.     The Preference Transfers were transfers to or for the benefit of the

Defendant, a creditor of the Debtor.

15.     The Defendant may allege that the Preference Transfers were made for

or on account of an antecedent debt.

16.     The Debtor was insolvent when the Preference Transfers were made.

17.     The Preference Transfers will enable the Defendant to receive more than

the Defendant would receive in the above-captioned bankruptcy case if the Debtor had

not made the Preference Transfers.

3

18.   By reason of the foregoing, the Preference Transfers may be avoided as a preference under Bankruptcy Code §547.  Moreover, under Bankruptcy Code §550, the Plaintiff is entitled to recover the Preference Transfers from the Defendant.

### SECOND CAUSE OF ACTION
(11 U.S.C. §547 - Preference)

19.   The Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs in the Complaint.

20.   Within one year prior to the Petition Date, the Debtor made the One Year Transfers to the Defendant.

21.   The One Year Transfers constituted a transfer of an interest of the Debtor in property.

22.   The One Year Transfers were transfers to or for the benefit of the Defendant, a creditor of the Debtor.

23.   The Defendant may allege that the One Year Transfers were made for or on account of an antecedent debt.

24.   The Debtor was insolvent when the One Year Transfers were made.

25.   The One Year Transfers will enable the Defendant to receive more than the Defendant would receive in the above-captioned bankruptcy case if the Debtor had not made the One Year Transfers.

26.   By reason of the foregoing, the One Year Transfers may be avoided as a preference under Bankruptcy Code §547.  Moreover, under Bankruptcy Code §550, the Plaintiff is entitled to recover the One Year Transfers from the Defendant.

4

### THIRD CAUSE OF ACTION
(11 U.S.C. §548 - Fraudulent Transfer)

27.    The Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs in the Complaint.

28.    Within one year prior to the Petition Date, the Debtor made the One Year Transfers to the Defendant.

29.    The One Year Transfers were made with actual intent to hinder, delay, or defraud an entity to which the Debtor was or became, on or after the date of the One Year Transfers, indebted.

30.    The Debtor did not receive reasonably equivalent value in exchange for the One Year Transfers.

31.    The Debtor was insolvent when the One Year Transfers were made, or became insolvent as a result of the One Year Transfers.

32.    The One Year Transfers were made while the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which the Debtor's remaining assets were unreasonably small in relation to the business or transaction.

33.    By reason of the foregoing, the Plaintiff may avoid the One Year Transfers pursuant to Bankruptcy Code §548.  Pursuant to Bankruptcy Code §550, the Plaintiff is entitled to recover from the Defendant the value of the One Year Transfers.

### FOURTH CAUSE OF ACTION
(11 U.S.C. §544 and Utah Code Ann. §25-6-5 - Fraudulent Transfers)

34.    The Plaintiff repeats, realleges, and incorporates by reference all

5

preceding paragraphs in the Complaint.

35.    The Fraudulent Transfers were made with actual intent to hinder, delay, or defraud a creditor of the Debtor.

36.    The Debtor did not receive reasonably equivalent value in exchange for the Fraudulent Transfers.

37.    The Fraudulent Transfers were made while the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which the Debtor's remaining assets were unreasonably small in relation to the business or transaction.

38.    The Fraudulent Transfers were made while the Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

39.    By reason of the foregoing, the Fraudulent Transfers are fraudulent as to the Plaintiff pursuant to Utah Code Ann. §25-6-5, made applicable by Bankruptcy code §544.

40.    By reason of the foregoing, and pursuant to Utah Code Ann. §25-6-8, the Plaintiff is entitled to:

a.    A judgment avoiding the Fraudulent Transfers.  In addition, pursuant to Bankruptcy Code §550, the Plaintiff is entitled to recover the value of the Fraudulent Transfers from the Defendant.

b.    An attachment or other provisional remedy against the Fraudulent Transfers or other property of the Defendant.

6

     c.    An injunction against the further disposition of the Fraudulent

Transfers.

     d.    Any other relief the circumstances may require.

### FIFTH CAUSE OF ACTION
(11 U.S.C. §544 and Utah Code Ann. §25-6-6(1) - Fraudulent Transfers)

41.    The Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs in the Complaint.

42.    The Debtor did not receive reasonably equivalent value in exchange for the Fraudulent Transfers.

43.    The Debtor was insolvent at the time when each of the Fraudulent Transfers were made.

44.    By reason of the foregoing, the Fraudulent Transfers are fraudulent as to the Plaintiff pursuant to Utah Code Ann. §25-6-6(1), made applicable by Bankruptcy Code §544.

45.    By reason of the foregoing and pursuant to Utah Code Ann. §25-6-8, the Plaintiff is entitled to:

     a.    A judgment avoiding the Fraudulent Transfers.  In addition, pursuant to Bankruptcy Code §550, the Plaintiff is entitled to recover the value of the Fraudulent Transfers from the Defendant.

     b.    An attachment or other provisional remedy against the Fraudulent Transfers or other property of the Defendant.

     c.    An injunction against the further disposition of the Fraudulent

Transfers.

        d.     Any other relief the circumstances may require.

**SIXTH CAUSE OF ACTION**
(11 U.S.C. §544 and Utah Code Ann. §25-6-6(2) - Fraudulent Transfers)

46.    The Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs in the Complaint.

47.    The Debtor's creditors had claims arising against the Debtor before the One Year Transfers were made to the Defendant.

48.    The One Year Transfers were made to the Defendant, an insider of the Debtor as defined in Utah Code Ann. §25-6-2(7), for, or on account of, an antecedent debt.

49.    The Debtor was insolvent when each of the One Year Transfers were made to the Defendant.

50.    The Defendant had reasonable cause to believe that the Debtor was insolvent when the One Year Transfers were made.

51.    By reason of the foregoing, the One Year Transfers are fraudulent as to the Plaintiff pursuant to Utah Code Ann. §25-6-6(2), made applicable by Bankruptcy Code §544.

52.    By reason of the foregoing and pursuant to Utah Code Ann. §25-6-8, the Plaintiff is entitled to:

        a.     A judgment avoiding the One Year Transfers.  In addition, pursuant to Bankruptcy Code §550, the Plaintiff is entitled to recover the value of the One Year

8

Transfers from the Defendant.

      b.     An attachment or other provisional remedy against the One Year Transfers or other property of the Defendant.

      c.     An injunction against the further disposition of the One Year Transfers.

      d.     Any other relief the circumstances may require.

### SEVENTH CAUSE OF ACTION
(11 U.S.C. §544 and Utah Code Ann. §48-2c-1006 - Return of Wrongful Distribution)

53.     The Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs in the Complaint.

54.     The Fraudulent Transfers to the Defendant were wrongful distributions and were made in violation of Utah Code Ann. §§48-2c-1005(1)(a) and 48-2c-1005(1)(b).

55.     By reason of the foregoing, and pursuant to Utah Code Ann. §48-2c-1006, the Defendant is obligated to return the Fraudulent Transfers to the Plaintiff.


**WHEREFORE**, the Plaintiff requests judgment against the Defendant as follows:

1.     On the First Cause of Action, for a judgment against the Defendant avoiding the transfer of the Preference Transfers and recovering from the Defendant the Preference Transfers, or their value.

2.     On the Second and Third Cause of Action, for a judgment against the Defendant avoiding the transfer of the One Year Transfers and recovering from the

Defendant the One Year Transfers, or their value.

3.    On the Fourth and Fifth Cause of Action, for a judgment:

a.    Avoiding the Fraudulent Transfers, recovering the value of the Fraudulent Transfers.

b.    Granting an attachment or other provisional remedy against the Fraudulent Transfers or other property of the Defendant.

c.    Granting an injunction against the further disposition of the Fraudulent Transfers.

d.    Any other relief the circumstances may require.

4.    On the Sixth Cause of Action, for a judgment:

a.    Avoiding the One Year Transfers, recovering the value of the One Year Transfers.

b.    Granting an attachment or other provisional remedy against the One Year Transfers or other property of the Defendant.

c.    Granting an injunction against the further disposition of the One Year Transfers.

d.    Any other relief the circumstances may require.

5.    On the Seventh Cause of Action, for a judgment requiring the Defendant to return the Fraudulent Transfers, or their value.

DATED this 18th day of May, 2005.

**Parsons Kinghorn Harris**
*A Professional Corporation*

\_\_/s/ George B. Hofmann_____
R. Kimball Mosier
George B. Hofmann
Attorneys for the Trustee

F:\DATA\RKM-Bankr\Empire Invest\P\Pref and Fraud Transfer Complaints\Complaints\Complaint - Hamel. Donald 05-0516 wpd

11

_____

**EXHIBIT A**
**(The Preference Transfers)**

_____

**EXHIBIT A**

Donald Hamel

| Date | Number | Payee | Amount Paid | |
|------|--------|-------|-------------|---|
| 11/21/2002 | 1001 | Donald Hamel | $ | 750.00 |
| 12/4/2002 | 2902 | Donald Hamel | $ | 3,000.00 |
| 12/27/2002 | 2979 | Donald Hamel | $ | 1,000.00 |
| | | | | |
| Total | | | $ | 4,750.00 |

**EXHIBIT B**
**(The One Year Transfers)**

**EXHIBIT B**

Donald Hamel

| Date | Number | Payee | Amount Paid |
|------|--------|-------|------------|
| 4/1/2002 | 2283 | Donald Hamel | $ 700.00 |
| 4/1/2002 | 2272 | D. Hamel Construction | $ 547.00 |
| 4/1/2002 | 2287 | D. Hamel Construction | $ 150.00 |
| 4/24/2002 | 2339 | Donald Hamel | $ 1,000.00 |
| 5/1/2002 | 2373 | Donald Hamel | $ 700.00 |
| 5/1/2002 | 2350 | D. Hamel Construction | $ 400.00 |
| 6/3/2002 | 2427 | Donald Hamel | $ 2,000.00 |
| 6/7/2002 | 2449 | Donald Hamel | $ 500.00 |
| 6/28/2002 | 2484 | Donald Hamel | $ 500.00 |
| 7/2/2002 | 2651 | Donald Hamel | $ 500.00 |
| 7/26/2002 | 2718 | Donald Hamel | $ 1,000.00 |
| 8/6/2002 | 2516 | Donald Hamel | $ 750.00 |
| 8/12/2002 | 2526 | D. Hamel Construction | $ 4,500.00 |
| 8/14/2002 | 2759 | Donald Hamel | $ 3,000.00 |
| 9/6/2002 | 2574 | Donald Hamel | $ 3,000.00 |
| 9/6/2002 | 2570 | D. Hamel Construction | $ 10,000.00 |
| 10/4/2002 | 2611 | Donald Hamel | $ 500.00 |
| 10/4/2002 | 2775 | Donald Hamel | $ 1,000.00 |
| 11/5/2002 |  | Donald Hamel | $ 2,000.00 |
| 11/21/2002 | 1001 | Donald Hamel | $ 750.00 |
| 12/4/2002 | 2902 | Donald Hamel | $ 3,000.00 |
| 12/27/2002 | 2979 | Donald Hamel | $ 1,000.00 |

Total                                                                $      37,497.00

---

**EXHIBIT C**
**(The Fraudulent Transfers)**

---

**EXHIBIT C**

Donald Hamel

| Date | Number | Payee | | Amount Paid |
|------|--------|-------|---|-------------|
| 1/1/2002 | | Donald Hamel | $ | 1,374.67 |
| 1/3/2002 | | Donald Hamel | $ | 58.34 |
| 1/22/2002 | 2129 | Donald Hamel | $ | 2,500.00 |
| 2/7/2002 | 2166 | Donald Hamel | $ | 1,000.00 |
| 4/1/2002 | 2283 | Donald Hamel | $ | 700.00 |
| 4/1/2002 | 2272 | D. Hamel Construction | $ | 547.00 |
| 4/1/2002 | 2287 | D. Hamel Construction | $ | 150.00 |
| 4/24/2002 | 2339 | Donald Hamel | $ | 1,000.00 |
| 5/1/2002 | 2373 | Donald Hamel | $ | 700.00 |
| 5/1/2002 | 2350 | D. Hamel Construction | $ | 400.00 |
| 6/3/2002 | 2427 | Donald Hamel | $ | 2,000.00 |
| 6/7/2002 | 2449 | Donald Hamel | $ | 500.00 |
| 6/28/2002 | 2484 | Donald Hamel | $ | 500.00 |
| 7/2/2002 | 2651 | Donald Hamel | $ | 500.00 |
| 7/26/2002 | 2718 | Donald Hamel | $ | 1,000.00 |
| 8/6/2002 | 2516 | Donald Hamel | $ | 750.00 |
| 8/12/2002 | 2526 | D. Hamel Construction | $ | 4,500.00 |
| 8/14/2002 | 2759 | Donald Hamel | $ | 3,000.00 |
| 9/6/2002 | 2574 | Donald Hamel | $ | 3,000.00 |
| 9/6/2002 | 2570 | D. Hamel Construction | $ | 10,000.00 |
| 10/4/2002 | 2611 | Donald Hamel | $ | 500.00 |
| 10/4/2002 | 2775 | Donald Hamel | $ | 1,000.00 |
| 11/5/2002 | | Donald Hamel | $ | 2,000.00 |
| 11/21/2002 | 1001 | Donald Hamel | $ | 750.00 |
| 12/4/2002 | 2902 | Donald Hamel | $ | 3,000.00 |
| 12/27/2002 | 2979 | Donald Hamel | $ | 1,000.00 |
| | | | | |
| Total | | | $ | 42,430.01 |